UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV21-00844 JAK (SPx) | Date | March 18, 2022 |
| Title | Daniela Barajas v. Wells Fargo Bank, N.A. et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| T. Jackson-Terrell | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 10)

**I.   Introduction**

On March 24, 2021, Daniela Barajas ("Barajas" or "Plaintiff") brought this action in the Riverside Superior Court against Wells Fargo Bank, N.A. ("Defendant") and 10 Doe defendants. Ex. A, Dkt. 1 at 15. The Complaint advances six causes of action arising out of Defendant's alleged termination of Plaintiff for discriminatory reasons. Dkt. 1 at 18-24, ¶¶ 17-55. On May 13, 2021, Defendant removed the action based on claimed diversity jurisdiction. Dkt. 1.

On June 11, 2021, Plaintiff filed a Motion to Remand. Dkt. 10 (the "Motion"). On July 2, 2021, Defendant filed an opposition. Dkt. 12 (the "Opposition"). On the same day, Defendant also filed a request for judicial notice in support of the Opposition. Dkt. 13 ("Defendant's RFN"). On July 16, Plaintiff filed a reply. Dkt. 14 (the "Reply").

Based on a review of the briefing of the Motion, and in accordance with Local Rule 7-15, it was determined that the Motion would be decided without a hearing. Dkt. 20. For the reasons stated in this Order, the Motion is **DENIED**.

**II.   Factual Background**

    **A.   The Parties**

The Complaint alleges that "Plaintiff is a resident of the State of California." Dkt. 1 at 16, ¶ 4.

The Complaint alleges on information and belief that Defendant "operates banking business and conducts business in the County of Riverside, California." *Id.* at 16, ¶ 5. The Notice of Removal states that Defendant "is a citizen only of South Dakota" and "has its main office in Sioux Falls, South Dakota." *Id.* at 7-8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV21-00844 JAK (SPx) | Date | March 18, 2022 |
| Title | Daniela Barajas v. Wells Fargo Bank, N.A. et al. | | |

B.  Allegations in the Complaint

The Complaint alleges that Plaintiff was employed by Defendant as a personal banker at its Banning, California location beginning on or about August 2, 2012. *Id.* at 17, ¶¶ 10. It is alleged that Defendant was aware that Plaintiff had a medical condition that did not allow her to interact directly with members of the public. *Id.* at 18-19, ¶ 20. It is alleged that, beginning in July 2020, Plaintiff was required to take a medical leave of absence from work because her personal physician considered her at high risk for COVID-19. *Id.* at 17, ¶ 11. It is alleged that on December 3, 2020, while she was still on medical leave, Plaintiff was told she would be terminated because her position was being eliminated. *Id.* at 17, ¶ 12. It is alleged on information and belief that there were three personal bankers working at the Banning location at the time, and that Plaintiff was the most senior of them, but she was the only one terminated. *Id.* at 18, ¶ 13.

The Complaint advances six causes of action for the alleged wrongful termination of Plaintiff: (1) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940(a); (2) failure to prevent discrimination in violation of FEHA, Cal. Gov. Code § 12940(k); (3) retaliation in violation of FEHA, Cal. Gov. Code § 12940(h); (4) wrongful termination in violation of public policy; (5) intentional infliction of emotional distress; and (6) unfair and unlawful business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq*. *See id.* at 18-24.

The Complaint seeks recovery of "compensatory damages including lost employee benefits, bonuses, vacation benefits, mental and emotional distress, and other general and special damages according to proof"; "incidental consequential and punitive damages according to proof"; injunctive relief; and attorney's fees and costs of suit. Dkt. 1 at 25.

**III.   Defendant's Request for Judicial Notice**

In support of the Opposition, Defendant filed a Request for Judicial Notice ("RFN"). Dkt. 13. The RFN seeks judicial notice of the jury verdicts in six cases in California Superior Courts. *See id.* at 2-3.

Fed. R. Evid. 201(b) provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Consideration of such materials ensures that "allegations that contradict matters properly subject to judicial notice or by exhibit" are not simply "accept[ed] as true" in connection with a motion to dismiss. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)). A court may take judicial notice of a wide range of records, including public records, government documents, judicial opinions, municipal ordinances, newspaper and magazine articles, and the contents of websites. *See, e.g.*, *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 259 n.2 (9th Cir. 2013); *Tollis, Inc. v. Cnty. of San Diego*, 505 F.3d 935, 938 n.1 (9th Cir. 2007); *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994); *Heidelberg USA, Inc. v. PM Lithographers, Inc.*, No. CV 17-02223-AB (AJWx), 2017 WL 7201872 (C.D. Cal. Oct. 19, 2017); *United States, ex rel. Modglin v. DJO Glob., Inc.*, 114 F. Supp. 3d 993, 1008 (C.D. Cal. 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV21-00844 JAK (SPx) | Date | March 18, 2022 |
|---|---|---|---|
| Title | Daniela Barajas v. Wells Fargo Bank, N.A. et al. | | |

The RFN seeks notice of public records which, under Rule 201(b)(2), are properly subject to judicial notice. Plaintiff has not opposed the request for judicial notice of these documents, and their authenticity is not disputed. Therefore, Defendant's RFN is **GRANTED**.

**IV.     Analysis**

      A.     Legal Standards

A motion to remand is the vehicle used to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *see* 28 U.S.C. § 1447(c). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. *See* 28 U.S.C. § 1441.

Diversity jurisdiction is present where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. §1332(a)).

When a matter is removed based on a claim of diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Thus, "[t]he amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'" *Id.* at 416 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)). Where it is unclear "from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez*, 888 F.3d at 416 (internal quotation marks and citations omitted).

Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing party has the burden to establish that it was proper to do so. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't. Remediation, L.L.C. v. Dep't of Health & Env't. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

      B.     Application

Plaintiff contends that there is no diversity jurisdiction because Defendant has failed to demonstrate that the $75,000 amount in controversy requirement is met. Plaintiff also argues that this action must be remanded in order to remedy a procedural defect in the state court proceedings below. Defendant argues that there is federal subject matter jurisdiction, and that remand is not the appropriate solution to address the procedural error in the state action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV21-00844 JAK (SPx) | Date | March 18, 2022 |
| Title | Daniela Barajas v. Wells Fargo Bank, N.A. et al. | | |

1. <u>Diversity Jurisdiction</u>

    a) Diversity of Citizenship

As noted, complete diversity of citizenship is required to establish federal jurisdiction. "[A] national bank, for [28 U.S.C.] § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). Defendant is a national banking association. In connection with the Notice of Removal, Defendant submitted a copy of its articles of association which state that its main office is located in Sioux Falls, South Dakota. Ex E, Dkt. 1 at 53. Therefore, Defendant is a citizen of South Dakota. Plaintiff is a citizen of California. *See* Dkt. 1 at 16, ¶ 4 ("Plaintiff is a resident of the State of California"). For these reasons, there is complete diversity between the parties.

    b) Amount in Controversy

The removing party is required to state "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (citing § 1446(a)). Because Plaintiff contests that the amount in controversy was at least $75,000 at the time of removal, Defendant bears the burden of proving that amount by a preponderance of the evidence. *Dart Cherokee*, 574 U.S. at 88 (citing 28 U.S.C. 1446(c)(2)(B)); *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "To do so, the defendant can rely on the face of the plaintiff's complaint or submit summary-judgment-type evidence." *Laub v. Kao USA, Inc.*, No. CV 20-1383-DMG (Ex), 2020 WL 4980061, at *1 (C.D. Cal. May 1, 2020) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)); *see also Lara v. Lazer Spot, Inc.*, No. 5:19-cv-00463-VAP-SPx, 2019 WL 2023728, at *1 (C.D. Cal. May 7, 2019) ("In determining the amount in controversy, the Court considers not only the facts alleged in the complaint, taken as true for purposes of calculating the amount, but also summary-judgment-type evidence relevant to the amount in controversy at the time of removal." (internal quotation marks and citation omitted)); *Velez-Guerra v. Crescent Hotels & Resorts, LLC*, No. CV 20-6861-DMG (PJWx), 2020 WL 7311349, at *1 (C.D. Cal. Dec. 11, 2020) (a defendant may rely on a complaint's allegations).

    (1) <u>Lost Wages</u>

The Ninth Circuit has held that "the amount in controversy is not limited to damages incurred prior to removal" but "includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez*, 888 F.3d at 414. "If a plaintiff claims at the time of removal that her termination caused her to lose future wages . . . then there is no question that future wages are 'at stake' in the litigation." *Id.* at 417. Thus, when calculating lost wages for the purposes of the amount in controversy requirement, courts consider "past wages—i.e., lost wages between the date of Plaintiff's termination and the date of removal—and future wages—i.e., lost wages between the date of removal and trial." *Fisher v. HNTB Corp.*, No. 2:18-CV-08173-AB-MRW, 2018 WL 6323077, at *5 n.7 (C.D. Cal. Dec. 3, 2018); *see also Reyes v. Staples Office Superstore, LLC*, No. CV 19-07086-CJC(SKx), 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) ("Because Plaintiff put future wages in controversy, the Court will include lost wages up until the date of trial."); *Thayer v. Securitas Sec. Servs. USA, Inc.*, No. 220CV10350ODWMRWX, 2021 WL 1263837, at *2 (C.D. Cal. Apr. 6, 2021) ("[T]here is no question

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV21-00844 JAK (SPx) | Date | March 18, 2022 |
| Title | Daniela Barajas v. Wells Fargo Bank, N.A. et al. | | |

that [Plaintiff's] future wages are at stake. . . . [Plaintiff's] lost wages then, include all wages from her date of termination . . . until the date set for trial.") (citing *Chavez*, 888 F.3d at 414).

In support of the Opposition, Defendant submitted evidence that Plaintiff was classified as a full-time employee who earned $22.14/hour and regularly worked more than 40 hours a week during her employment. *See* Decl. of E'Lisa Harrison ¶ 3, Dkt. 12-2 at 2; *id.* at 5-19 (pay vouchers). Assuming Plaintiff worked only 40 hours a week, and not including the value of any benefits, her average income was approximately $885.60 a week.

Because the Complaint alleges the loss of future wages, *see* Dkt. 1 at 18, ¶ 14 (Plaintiff "continues to suffer . . . a loss of wages"), lost wages up to the date of trial are included in the amount in controversy. "[C]ourts have often found that one year from the date of removal is a 'conservative estimate of the trial date' in employment cases." *Reyes*, 2019 WL 4187847, at *3 (citing *Fisher*, 2018 WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018)). Here, one year from the date of removal is May 13, 2022. There are approximately 75 weeks between May 13, 2022 and when Plaintiff was terminated on December 3, 2020. Applying this test, the amount in controversy as to lost wages is $66,420. It is also noteworthy that due to the effect of COVID-19 on the availability of trial dates in the Central District, particularly in civil action, this is a very conservative calculation. Indeed, the present pre-trial schedule in this action provides that discovery may extend to August 2022. A trial date will not be set until discovery is completed, and any pending motions are decided.

Plaintiff argues that she "'could' (and hopefully will) find a job" during that time, which would impact her lost wages. Dkt. 10 at 7. "Such mitigation, however, is inapplicable to the amount-in-controversy calculation." *Molina v. Target Corp.*, No. CV 18-03181-RSWL-FFM, 2018 WL 3935347, at *3 (C.D. Cal. Aug. 14, 2018) (citing *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("[I]f a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount, the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction.")).

(2) Emotional Distress and Punitive Damages

The Complaint seeks an award of damages for "mental and emotional distress" as well as punitive damages. Dkt. 1 at 25. Potential awards as to these claims may be considered in calculating the amount in controversy as of the time of removal.

Defendant submitted jury verdicts from six similar cases in California Superior Courts in which the alleged emotional distress damages and punitive damages led to material awards of damages. *See* Dkt. 13. The claims advanced in each of these cases are similar to those advanced here. Thus, they include alleged FEHA violations, wrongful termination, and discrimination on the basis of disability that resulted in the award of damages for emotional distress as well as punitive damages. These awards range from $44,500 in emotional distress damages to a plaintiff who was terminated shortly after returning from pregnancy leave, *see Edwards v. J.K. Residential Services Inc.*, Superior Court, Los Angeles County, Case No. BC500655 (December 6, 2016), to $125,000 for pain and suffering and $500,000 in punitive damages to a plaintiff who was terminated when she requested time off work to treat a kidney infection, *see Ko v. The Square Group LLC*, Superior Court, Los Angeles County, Case No. BC487739 (June 16, 2014). Plaintiff does not object to the use of these estimates.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV21-00844 JAK (SPx) | Date | March 18, 2022 |
| Title | Daniela Barajas v. Wells Fargo Bank, N.A. et al. | | |

Even taking the lowest recovery amount from the cited cases, it would exceed the amount necessary ($8,580) in addition to the aforementioned damages of $66,420 for alleged lost wages, to reach the $75,000 jurisdictional amount. Further, if these additional amounts for emotional distress and punitive damages were calculated on a 1:1 ratio with the lost wages amounts, this would result in $132,840 being at issue. *See Garfias v. Team Indus. Servs., Inc.*, No. LA CV17-04282 JAK (AGRx), 2017 WL 4512444, at *5 (C.D. Cal. Oct. 10, 2017). Other district courts within the Ninth Circuit have deemed a 1:1 ratio of punitive damages to compensatory damages as "conservative" for purposes of assessing the amount in controversy requirement. *See, e.g.*, *Zapata Fonseca v. Vigo Importing Co.*, No. 5:16–cv–02055–EJD, 2016 WL 6249006, at *2 (N.D. Cal. Oct. 26, 2016).

(3)   Attorney's Fees

In calculating the amount in controversy, a reasonable amount of a potential award of attorney's fees to a plaintiff may be considered, if such an award is permitted under the statutory or common law basis for the underlying claims. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). This includes future attorney's fees that may be incurred after the time of removal. *Id.* Plaintiff seeks an award of attorney's fees pursuant to the California Fair Employment and Housing Act, which permits such an award to a prevailing plaintiff. Dkt. 1 at 19, ¶ 23.

"Employment claims have been found to require substantial effort from counsel." *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014) (internal quotations omitted). Courts have held that $300 is a reasonable hourly rate for attorneys working on employment cases. *See Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015). "Recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours." *Id.* Therefore, if the low end of that range is adopted, when multiplied by the $300 hourly rate figure, this results in a sum of $30,000.

\*   \*   \*

Based on the foregoing analysis, the amount in controversy at the time of removal was substantially greater than $75,000. Accordingly, the amount-in-controversy requirement has been satisfied, and both elements of the requirement for diversity jurisdiction have been met.

2.   Defendant's Failure to File a Timely Answer

In the alternative, Plaintiff argues that the present action must be remanded in order to cure a procedural defect in the state court proceedings, i.e., Defendant's failure to file a timely Answer to the Complaint. Dkt. 10 at 8-9. Defendant's counsel declares that Defendant did file a timely Answer in the state proceeding before removing the case, but that a ministerial error by the court clerk in the state court caused the filing of the Notice of Removal before the Answer was accepted for filing, and that this resulted in the rejection of the Answer in the state proceedings. Dkt. 12-1 ¶¶ 2-4 (Declaration of Theresa A. Kading). Defendant's counsel further declares that Plaintiff refused to stipulate to lift the stay for the limited purpose of filing the Answer. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV21-00844 JAK (SPx) | Date | March 18, 2022 |
|---|---|---|---|
| Title | Daniela Barajas v. Wells Fargo Bank, N.A. et al. | | |

"[R]emand is only mandatory where a case is removed improvidently *and* the court is without jurisdiction." *Hernandez v. Six Flags Magic Mountain, Inc.*, 688 F. Supp. 560, 562 (C.D. Cal. 1988) (emphasis in original) (internal quotation marks removed) (citing 28 U.S.C. §1447); *see also O'Gilvie v. Adler Tank Rentals, LLC*, No. SACV1900112DOCKKX, 2019 WL 1724628, at *4 (C.D. Cal. Apr. 17, 2019) ("Procedural defects in removal are not jurisdictional as such defects are modal or formal and may be waived."). Other courts have refused to remand for minor procedural defects that may be easily remedied or for which there is no showing of prejudice to the plaintiff. *See, e.g., Rohr v. Target Corp.*, No. SACV0801314JVSANX, 2009 WL 10672156, at *5 (C.D. Cal. Jan. 13, 2009) (declining to remand for "inadvertent and trivial" failure to attach answer to notice of removal); *Hernandez*, 688 F. Supp. at 563 ("[T]he one day delay in the consent to removal by [one defendant] resulted from a good faith error on the part of the defendants, from which plaintiffs claim no prejudice.").

Further, there is no claim by Plaintiff of any prejudice due to the procedural history. Nor does Plaintiff contend that a remand is the only method for curing the defect.

Defendant attempted to file a timely Answer in the state court proceedings. There is no evidence of bad faith in its failure to do so due to the procedural process, i.e., the prior removal of this action. Under these circumstances, the procedural defect may be easily remedied. To advance party and judicial efficiency, it is appropriate to grant leave for Defendant to file the Answer on the docket in these proceedings.

**V.      Conclusion**

For the reasons stated in this Order, the Motion is **DENIED**. On or before March 28, 2022 Defendant shall file its Answer to the Complaint.

**IT IS SO ORDERED.**

:

Initials of Preparer    tj